J. SCOTT GERIEN (SBN 184728)
sgerien@dpf-law.com
JOY L. DURAND (SBN 245413)
jdurand@dpf-law.com
ALLISON N. BERK (SBN 347982)
aberk@dpf-law.com
DICKENSON, PEATMAN & FOGARTY
1500 First Street, Suite 200
Napa, California 94559
Telephone: (707) 261-7000
Facsimile: (707) 340- 7239

Attorneys for Plaintiff
JACKSON FAMILY FARMS, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACKSON FAMILY FARMS, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>JERRY MOORE,<br><br>      Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>1. **Declaratory Judgment of No Trademark Infringement**<br>2. **Declaratory Judgment of No Unfair Competition**<br>3. **Cancellation of U.S. Trademark Registrations for Non-use**<br>4. **Cancellation of U.S. Trademark Registrations for Abandonment**<br>5. **Cancellation of U.S. Trademark Registrations for Fraud**<br>6. **Cancellation of U.S. Trademark Registrations for Naked Licensing**<br>7. **Declaratory Judgment of Trademark Invalidity** |

Plaintiff JACKSON FAMILY FARMS, LLC ("Plaintiff") for its Complaint against Defendant JERRY MOORE ("Defendant" or "Moore") alleges as follows:

///

# NATURE OF ACTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that Plaintiff's conduct does not infringe Defendant's alleged JETT or JET trademarks (Defendant's JETT and JET trademarks are referred to collectively as the "Moore JETT Marks") or constitute unfair competition under the Lanham Act, 15 U.S.C. §1051 et. seq., or violate trademark law. Plaintiff further seeks a declaration that Defendant owns no rights in the Moore JETT Marks as of any date that would give Defendant prior trademark rights, and cancellation of Moore's trademark registrations as set forth below.

2. This action arises out of Defendant's demands set out in his July 3, 2024 email to Plaintiff that Plaintiff cease and desist from using the JETT mark ("Plaintiff's JETT Mark") in association with wine. Plaintiff disputes Defendant's claim of ownership of prior rights in the Moore JETT Marks and validity of the registrations for such marks and denies that Plaintiff has infringed or otherwise violated any rights of Defendant.

# THE PARTIES

3. Plaintiff is a California limited liability company with its corporate offices located at 421 Aviation Boulevard, Santa Rosa, California 95403.

4. Defendant is an individual with an address of 1198 Pacific Coast Highway, Suite D – 115, 1900 East Warner # B, Seal Beach, California 90740.

# JURISDICTION AND VENUE

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the trademark laws of the United States, 15 U.S.C. § 1051 et. seq.

6. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1119 and 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), 2201, and 2202, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

7. Upon information and belief, Defendant, either directly or through his agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected such acts to have consequence in the State of California and within this judicial district.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendant is subject to personal jurisdiction in this judicial district, has directed his alleged business, licensing, and enforcement activities at this judicial district, and a substantial part of the events giving rise to the claim occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be assigned on a district-wide basis.

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff owns U.S. Trademark Application Serial No. 97/384,930 for the mark JETT for "Alcoholic beverages, except beer" in International Class 33 ("Plaintiff's JETT Application"). Plaintiff's JETT Application was filed April 27, 2022 based on its intent to use the mark in commerce on wine. On February 9, 2023, the United States Patent and Trademark Office ("USPTO") issued a nonfinal office action refusing to register Plaintiff's JETT Mark because of a perceived likelihood of confusion with the marks in U.S. Registration Nos. 4836946 and 5109984.

11. Defendant owns U.S. Trademark Registration No. 4836946 for the trademark JETT for "vodka" in International Class 33 (the "JETT Registration") and Registration No. 5109984 for the trademark JET for "distilled spirits" in International Class 33 (the "JET Registration"). The JETT Registration and the JET Registration are referred to herein as the Moore JETT Registrations. When filing documents with the USPTO in support of the JETT Registrations, Defendant listed his address as 1198 Pacific Coast Highway, Suite D – 115, 1900 East Warner # B, Seal Beach, California 90740.

12. Plaintiff had investigated whether the Moore JETT Marks were being used in connection with the goods referenced in the respective Statements of Use set forth in each trademark registration. Plaintiff's investigation included a review of the Alcohol and Tobacco Tax and Trade Bureau's ("TTB") public Certification/Exemption of Label/Bottle Approvals ("COLA") registry database. To lawfully sell or distribute alcohol in the U.S., producers must follow federal laws and regulations governing the labeling and advertising of alcohol products including applying for, and being issued, a COLA by the TTB. Plaintiff found no COLAs issued to Defendant or his predecessor in interest featuring the JETT or JET marks, or any COLAs which appeared to show the labels set

1  forth in the Statements of Use for the trademark registrations. Plaintiff's investigation also included
2  internet searches for use of the brands. Plaintiff's internet searches returned no evidence that
3  Defendant or his predecessor in interest had ever used the JETT or JET marks in connection with the
4  goods listed in the Moore JETT Registrations.

5  13.  Plaintiff's investigation also disclosed that on September 8, 2021, Defendant's
6  predecessor in interest submitted a Statement of Use under Section 8 to the USPTO in connection with
7  the JETT Registration stating that "the mark is in use in commerce on or in connection with all goods
8  . . . listed in the existing registration for this specific class: Vodka." However, the specimen submitted
9  in connection with Registrant's Statement of Use shows use of the JETT mark on "Tequila," not vodka.
10 A copy of the specimen submitted with the September 8, 2021 Statement of Use for the JETT
11 Registration is attached hereto as Exhibit 1.

12 14.  Plaintiff's investigation also disclosed that on December 24, 2022, Defendant
13 submitted a Statement of Use under Section 8 to the USPTO in connection with the JET Registration
14 stating that "the mark is in use in commerce on or in connection with all of the goods . . . listed in the
15 existing registration for this specific class" Distilled Spirits." The specimen submitted in connection
16 with Defendant's Statement of Use appears to be mocked up as the edges are peeling off the bottle.
17 The specimen also fails to feature all of the TTB mandatory labeling information for the lawful sale
18 of distilled spirits, namely, the name and address of the bottler and/or distiller, the net contents and the
19 Surgeon General's health warning statement. A copy of the specimen submitted with Defendant's
20 December 24, 2022 Statement of Use is attached hereto as Exhibit 2.

21 15.  Based on Plaintiff's investigation, Plaintiff filed a Petition to cancel the Moore JETT
22 Registrations with the Trademark Trial and Appeal Board of the USPTO ("TTAB") on August 8,
23 2023, such action being assigned Cancellation No. 92082992 by the TTAB (the "JETT Cancellation
24 Proceeding").

25 16.  In response to discovery requests propounded by Plaintiff in the JETT Cancellation
26 Proceeding, Defendant admitted that he had never produced or sold alcoholic beverages labeled with
27 the Moore JETT Marks, that the TTB has never issued any COLAs for labels featuring the Moore
28 JETT Marks for alcoholic beverage products, and that he is not licensed to produce, sell, or distribute

COMPLAINT FOR DECLARATORY JUDGMENT         4         CASE NO.

alcoholic beverages by any government agency. Instead, Defendant stated that the Moore JETT Marks have been "used on alcoholic beverages, including distilled spirits and vodka, that are/were delivered as a promotional item [to clients in the wine and spirits industry] in connection with Predecessor's and [Defendant's] brand development and package design services." Notably, however, Defendant stated that he "does not possess, nor is aware of, any documents or records related to such deliveries" and does not possess any communications related to use of the Moore JETT Marks in U.S. commerce.

17. Defendant asserts that he is an investor in two sole-proprietorship companies owned and operated by his sister, Tami Donald ("Donald"), under the fictitious business names Bev Industry Consulting Services and Luna Distributing (collectively the "Donald Companies"). The Donald Companies maintain offices at 243 Santa Ana Avenue, Long Beach, California 90803, and purport to conduct business throughout the State of California. As recently as August 1, 2024, a Fictitious Business Name Statement was published in the publication *Beverly Hills Weekly* identifying "Bev Industry Consulting Services" as a fictitious business name for a business operated by the individual TJ Donald at the preceding 243 Santa Ana Avenue address. Defendant asserts that the Donald Companies, not Defendant, have delivered alcoholic beverage products labeled with JETT Marks as promotional items.

18. On or about April 30, 2024, Plaintiff publicly announced its upcoming release of the first vintage of its JETT wine.

19. On July 3, 2024, Plaintiff received an email to its company headquarters in Santa Rosa, California from Defendant objecting to Plaintiff's use of Plaintiff's JETT Mark, claiming that the use constitutes trademark infringement. In his email, Defendant demanded that Plaintiff cease and desist from using Plaintiff's JETT Mark in association with wine and resolve the matter amicably to "avoid any further remedies as provided by state law and the United States Trademark Act." A copy of Defendant's July 3, 2024 email is attached hereto as Exhibit 3.

20. On July 9, 2024, Defendant filed a motion to amend his answer in the JETT Cancellation Proceeding to add the affirmative defenses of unclean hands and estoppel alleging that had he been aware of Plaintiff's unauthorized use of Plaintiff's JETT Mark prior to July 2024, then he would have filed for injunctive relief with a district court. The JETT Cancellation Proceeding has

been suspended pending the disposition of Defendant's motion to amend his answer. Attached hereto as Exhibit 4 is a true and correct copy of an excerpt of Defendant's proposed Amended Answer as filed with the TTAB.

21. On July 11, 2024, Defendant emailed Plaintiff's counsel stating: "Spoke to an attorney who said before any injunction, etc, [sic] can be filed, I am required to speak to you about a resolution/settlement. Would your client be open to resolution talks?" Plaintiff offered for Defendant to make a settlement proposal, which he did on July 15, 2024. On July 16, 2024 Plaintiff made a counter-settlement proposal to Defendant, but Defendant responded that same day stating "I am rescinding my settlement offer. … we will pursue all available legal remedies to protect my trademarks." At no point has Defendant withdrawn his threats against Plaintiff to seek legal remedies, including injunctive relief, for alleged trademark infringement.

22. On August 23, 2024, Plaintiff deposed Tami Donald, owner of the Donald Companies, in connection with the JETT Cancellation Proceeding. During her deposition, Donald testified that she is responsible for the day-to-day operations of the Donald Businesses and that Defendant is not. Donald further testified that she uses the Moore JETT Marks on bottles of distilled spirits that she gives away as a promotional gift item to drum up her marketing business for the Donald Companies. Donald admitted that she has never sold alcohol in connection with the Moore JETT Marks. Donald also testified that she does not commercially ship the purported "gift" bottles of distilled spirits featuring the Moore JETT Marks, but instead has personally delivered all such bottles, including to third parties in California, including Northern California. Donald further testified that alcoholic beverages labeled with JETT Marks were produced and labeled in California, and are stored in California, but she has no documents which evidence this. Donald further admitted that she has no documents to evidence any purported communications about, production of, advertising of, storage of, distribution of, or deliveries of, product featuring the Moore JETT Marks. Donald also testified that she has no documents or information to identify the parties that have purportedly received alcoholic beverages featuring the Moore JETT Marks.

23. On August 26, 2024, Plaintiff deposed Defendant in connection with the JETT Cancellation Proceeding. During his deposition, Defendant confirmed that he is an investor and part-

1 owner with his sister, Tami Donald, in Bev Industry Consulting and Luna Distributing, but is not 2 actively involved in such businesses. He also stated that he has no personal knowledge of the 3 distribution, delivery or production of alcoholic beverages featuring the Moore JETT Marks as he was 4 not personally involved in any shipments or deliveries of products featuring the Moore JETT Marks 5 and has not seen any documents reflecting such shipments or deliveries. Defendant also admitted that 6 he has done nothing to check the quality of any products featuring the Moore JETT Marks before such 7 products are allegedly gifted to third parties and has not done anything at any point to supervise or 8 ensure the quality of the alcohol beverage products featuring the Moore JETT Marks.

9   24. Even assuming arguendo that Defendant does own valid trademark rights in the Moore 10 JETT Marks, there is no likelihood of confusion created as between Plaintiff's use of the JETT 11 trademark for wine for general sale and distribution to the public and the purported use of the Moore 12 JETT Marks by the Donald Companies on spirits as a promotional gift occasionally delivered to 13 potential customers of the Donald Companies' design services. The marks at issue are used on 14 different products, with different packaging designs, are directed to different customers for different 15 purposes, and the goods do not travel through the same distribution or marketing channels. As a result, 16 even if Defendant possessed valid trademark rights, which he does not, there would still be no 17 infringement of such rights based on the likelihood of confusion factors.

18   25. Based on the foregoing, a justiciable controversy exists between Plaintiff and 19 Defendant as to whether Plaintiff's conduct constitutes trademark infringement, or constitutes unfair 20 competition under the Lanham Act, 15 U.S.C. §1051 et. seq., or violates California trademark law, 21 and whether Defendant owns valid trademark rights in the Moore JETT Marks.

22   26. In view of Defendant's threats and allegations, Plaintiff needs and is entitled to a 23 judicial declaration that Plaintiff's conduct does not infringe Defendant's alleged trademark rights in 24 the Moore JETT Marks, or constitute unfair competition or violate California trademark law, and that 25 Defendant owns no protectable trademark rights in the Moore JETT Marks. Absent a declaration to 26 this effect, Defendant will continue to wrongfully allege that Plaintiff's wine advertised or sold under 27 Plaintiff's JETT Mark infringes Defendant's alleged trademark rights, thereby causing Plaintiff 28 irreparable injury and damage and creating uncertainty as to Plaintiff's ongoing business related to use

of Plaintiff's JETT Mark.

**FIRST CAUSE OF ACTION**
(Declaratory Judgment of No Trademark Infringement)

27. As a result of the acts described in the preceding paragraphs, there exists an actual, present and existing dispute between the parties warranting the issuance of a declaratory judgment that Plaintiff has not infringed and is not infringing Defendant's alleged trademark rights in the Moore JETT Marks.

28. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue using Plaintiff's JETT Mark in connection with wine.

29. Plaintiff is entitled to a declaratory judgment that Plaintiff's use of Plaintiff's JETT Mark in connection with wine is not likely to cause confusion and does not infringe, either directly or indirectly, any trademark rights of Defendant under 15 U.S.C. § 1114(a) or 15 U.S.C. § 1125(a).

**SECOND CAUSE OF ACTION**
(Declaratory Judgment of No Unfair Competition)

30. As a result of the acts described in the preceding paragraphs, there exists an actual, present and existing dispute between the parties warranting the issuance of a declaratory judgment that Plaintiff has not engaged in and is not engaging in unfair competition with Defendant.

31. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue using Plaintiff's JETT Mark in connection with wine.

32. Plaintiff is entitled to a declaratory judgment that Plaintiff's use of Plaintiff's JETT Mark and its conduct described herein does not constitute unfair competition under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200 or under California common law.

**THIRD CAUSE OF ACTION**
(Cancellation of U.S. Trademark Registrations for Non-Use
Pursuant to 15 U.S.C. §§ 1064 and 1119)

33. The JETT mark as shown in the JETT Registration and the JET mark as shown in the JET Registration were registered over three years ago and, upon information and belief, the Moore JETT Marks have never been used in U.S. commence on any of the goods identified in the Moore JETT Registrations.



34.     Accordingly, the Moore JETT Registrations should be cancelled in accordance with Lanham Act § 14(6), 15 U.S.C. § 1064(6).

**FOURTH CAUSE OF ACTION**
(Cancellation of U.S. Trademark Registrations for Abandonment
Pursuant to 15 U.S.C. §§ 1064 and 1127)

35.     Upon information and belief, in the event Defendant ever used the Moore JETT Marks in U.S. commerce with the goods identified in the Moore JETT Registrations, Registrant has ceased using the Moore JETT Marks in U.S. commerce for the goods identified in the Moore JETT Registrations and Defendant does not intend to use the Moore JETT Marks on the goods identified in the Moore JETT Registrations.

36.     Upon information and belief, Defendant has not used the Moore JETT Marks in commerce in connection with the goods identified in the Moore JETT Registrations for at least three continuous years preceding the date of the filing of this complaint and the Moore JETT Marks are therefore presumed to be abandoned.

37.     Upon information and belief, Defendant has no intent to resume use in commerce of the Moore JETT Marks on or in connection with the goods identified in the Moore JETT Registrations.

38.     Upon information and belief, due *inter alia* to Defendant's lack of use of the Moore JETT Marks, the marks have lost all significance as identifiers of source and/or indicators of origin among consumers.

39.     Accordingly, the Moore JETT Marks should be declared abandoned pursuant to the Lanham Act § 45, 15 U.S.C. § 1127 and the Moore JETT Registrations should be cancelled in accordance with Lanham Act § 14, 15 U.S.C. § 1064(3).

**FIFTH CAUSE OF ACTION**
(Cancellation of U.S. Trademark Registrations Due to Fraud)

40.     Defendant's predecessor in interest committed fraud in the filing of the Section 8 declaration for the JETT Registration. Defendant's predecessor in interest was aware that the JETT mark was not legally in use in U.S. commerce on "vodka" at the time the Section 8 declaration was filed. Such false statement of use of the JETT mark was intended to defraud the USPTO and was material to the USPTO accepting the Section 8 declaration and resulted in the USPTO maintaining the

JETT Registration on the Trademark Register.

41. Defendant committed fraud in the filing of the Section 8 declaration for the JET Registration. Defendant submitted a false specimen showing use of the mark. Defendant was aware that the JET mark was not legally in use in U.S. commerce on "distilled spirits" at the time the Section 8 declaration was filed. Such false statement of use of the JET mark on "distilled spirits" was intended to defraud the USPTO and was material to the USPTO accepting the Section 8 declaration and resulted in the USPTO maintaining the JET Registration on the Trademark Register.

42. Accordingly, the Moore JETT Registrations should be cancelled in accordance with Lanham Act § 14, 15 U.S.C. § 1064(3).

**SIXTH CAUSE OF ACTION**
(Cancellation of U.S. Trademark Registrations for Naked Licensing)

43. Defendant failed to exercise quality control over its purported licensee, Donald and the Donald Companies, and by doing so engaged in naked licensing of the Moore JETT Marks. As such, Defendant forfeited his rights in the Moore JETT Marks and is estopped from asserting those rights.

44. Accordingly, the Moore JETT Marks should be declared abandoned and the Moore JETT Registrations should be cancelled.

**SEVENTH CAUSE OF ACTION**
(Declaratory Judgment of Trademark Invalidity)

45. As a result of the acts described in the preceding paragraphs, there exists an actual, present, and existing dispute between the parties warranting the issuance of a declaratory judgment that Defendant does not own any valid common law or registered trademark rights in the Moore JETT Marks in connection with alcoholic beverages, including wine.

46. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights to continue using Plaintiff's JETT Mark in connection with wine.

47. Plaintiff is entitled to a declaratory judgment that Defendant does not own valid trademark rights in the Moore JETT Mark in connection with alcoholic beverages, including wine. Plaintiff therefore has not violated any rights in the purported Moore JETT Marks.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Plaintiff has not infringed and is not infringing, either directly or indirectly, any valid and enforceable trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a);

2. That Plaintiff has not engaged in and is not engaging in unfair competition in violation of 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200 or under California common law;

3. That Defendant's JETT mark and JET mark have never been used in U.S. commerce on any of the goods identified in the Moore JETT Registrations pursuant to 15 U.S.C. § 1064(6) and the Moore JETT Registrations should be cancelled on such basis.

4. That Defendant's JETT mark and JET mark have become abandoned pursuant to 15 U.S.C. § 1127 and the Moore JETT Registrations should be cancelled on such basis.

5. That Defendant and his predecessor in interest committed fraud in the filing of the Section 8 declarations for U.S. Trademark Registration Nos. 4836946 and 5109984 and the Moore JETT Registrations should be cancelled on such basis.

6. That Defendant engaged in naked licensing of the Moore JETT Marks and has forfeited his rights in the Moore JETT Marks and the Moore JETT Registrations should be cancelled on such basis.

7. That Defendant owns no enforceable common law or registered trademark rights in the Moore JETT Marks in connection with alcoholic beverages, including wine.

8. That the Court order that Defendant's U.S. Trademark Registration Nos. 4836946 and 5109984 be canceled and that it direct the Director of the United States Patent & Trademark Office to implement such cancellations;

9. That Defendant and his principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be enjoined and restrained, from directly or indirectly alleging, representing, or otherwise stating that Plaintiff's use of Plaintiff's JETT Mark infringes any rights of Defendant in the Moore JETT Marks or constitutes unfair competition or is unlawful;

10. Declaring Plaintiff the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

11. Awarding Plaintiff all fees, expenses, and costs associated with this action; and

12. That Plaintiff have such other and further relief as this Court shall deem just and proper.

DATED: September 26, 2024  DICKENSON, PEATMAN & FOGARTY

By: _____
J. Scott Gerien (SBN 184728)
sgerien@dpf-law.com
Joy L. Durand (SBN 245413)
jdurand@dpf-law.com
Allison N. Berk (SBN 347982)
aberk@dpf-law.com
1500 First Street, Suite 200
Napa, CA 94559
Tel. No.: (707) 261-7000

Attorneys for Plaintiff
Jackson Family Farms LLC