Jerry Moore
1198 Pacific Coast Highway, Suite D- 115
Seal Beach, CA 90740
Primotrader11@yahoo.com
In Pro Per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PLAINTIFF'S NAME, | Case No.: 3:24-cv-06763-TLT |
| Plaintiff, | |
| vs. | REPLY TO PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO JERRY MOORE'S MOTION TO DISMISS |
| DEFENDANT'S NAME, | |
| Defendant | |

REPLY TO PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO JERRY MOORE'S MOTION TO DISMISS - 1

## I. INTRODUCTION

Plaintiff's Opposition to Moore's Motion to Dismiss gives credence to Moore's contention that Plaintiff only brought this lawsuit after Moore's depositions and responses to discovery proved that Moore would prevail in Plaintiff's TTAB Petition for Cancellation and Plaintiff was merely seeking another forum in hopes of starting from scratch. Plaintiff's refusal to even address the adverse rulings rendered by the TTAB and Plaintiff's refusal to respond to Moore's argument that Plaintiff's simultaneous filing of its motion to stay its TTAB proceedings and this lawsuit further give rise to Moore's claims that the lawsuit was brought solely to delay the inevitable outcome in the parallel TTAB proceeding. Plaintiff wants to start its case over again with the hopes of possibly obtaining a more favorable outcome. Plaintiff's claim of an imminent lawsuit is belied by the very evidence it offers this Court. This "mirror-image" case where the alleged wrongdoer takes on the role of the plaintiff and seeks declaratory judgment should be dismissed, as Plaintiff did not meet its burden of establishing that a justiciable case or controversy existed at the time that Plaintiff initiated the instant suit.

Plaintiff claims that sufficient controversy existed between the parties as of September 26, 2024, allowing it to file this declaratory judgment action. In support of its argument, Plaintiff points to five factors: the content of Moore's single email to the entity Jackson Family Wines; two other emails from Moore to counsel for Plaintiff; Moore's withdrawn motion to amend answer to add affirmative defenses in Plaintiff's cancellation proceeding and Plaintiff's purported use of the JETT mark. None of these "factors" assist it.

First, Moore's email to Jackson Family Wines was not addressed or sent to Plaintiff, was not threatening, and in any event a single cease and desist letter is insufficient to create an "actual controversy". Nobody from Jackson Family Wines (or any entity) has responded to this email. The second email Plaintiff references is Moore telling Plaintiff's counsel that an attorney told him that before any "injunctions, etc" can be filed, Moore should try and settle the case. Moore was quoted a very large retainer fee to defend Plaintiff's cancellation proceedings and told the attorney that he could not afford it. The

REPLY TO PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO JERRY MOORE'S MOTION TO DISMISS - 2

attorney Moore spoke to suggested attempting to settle the dispute. Plaintiff's complaint adding "[sic]" after "etc." is speculation by Plaintiff (Dkt. 1, p.6, lines 4-5).  Plaintiff's opposition doesn't add the "[sic]" but instead completely removes "etc."  from its argument.

The third email is Moore withdrawing a settlement offer after Plaintiff's counsel told Moore that it would defer responding to Moore's settlement until after it had received Moore's discovery responses. Moore responded that he would timely respond to Plaintiff's discovery requests and pursue all remedies to protect his trademark. Moore intended to file a motion for sanctions because Plaintiff filed its initial responses very late, and this was prejudicial to Moore. Plaintiff's attempt to portray this email as a threat that Moore was going to file an injunction is speculative and unfounded. Plaintiff's use of the JETT mark was not the impetus for this email. Another factor Plaintiff points to is Moore's withdrawn Motion for Leave to Amend Answer and Add Affirmative Defenses in the cancellation proceeding. The motion to amend was to address Plaintiff's delay in filing its cancellation proceeding.  Moore has taken no affirmative actions at all towards Plaintiff, other than defending himself in Plaintiff's TTAB proceeding. Moore has not even sent Plaintiff a cease and desist. Finally, Plaintiff's alleged use of the JETT mark is also not supported by the facts.

Plaintiff's opposition devotes a great deal to its argument that this court has the ability to decide all of the issues in this case. That is true. However, the TTAB – an entity that specializes in this area of law is equally capable to decide this matter, and likely is better equipped than are the courts to make an initial determination as to trademark registration and other issues presented in the cancellation proceeding and the instant suit. Plaintiff's motion to stay its cancellation proceedings simultaneously filed with the filing of this lawsuit weighs against the exercise of jurisdiction by this Court. And the facts are a country mile from the circumstances typically deemed sufficient to establish declaratory judgment jurisdiction. For these reasons, this case should be dismissed.

## II. AUTHORITY

a). Plaintiff's Actions Constituted Forum Shopping

REPLY TO PLAINTIFF JACKSON FAMILY  FARMS, LLC'S OPPOSITION TO JERRY MOORE'S  MOTION TO DISMISS - 3

Plaintiff does not spend much time refuting Moore's contention that Plaintiff's actions, specifically moving to suspend its TTAB proceeding immediately after filing this action, strongly indicate an attempt at forum shopping. Plaintiff merely argues that commencement of federal litigation does not constitute forum-shopping or procedural fencing. Plaintiff cites *Neilmed* but that case is distinguished from the instant case. *Neilmed* dealt with a defendant who filed a detailed notice of opposition to Plaintiff's trademark application, including use of factors relevant to trademark infringement and dilution.[1] Moore has filed no such opposition and has not made any such allegations. In Moore's cited authority on the issue, courts found that where one party initiates federal proceedings to gain a procedural or strategic advantage, including filing a motion to stay its TTAB proceedings, declining jurisdiction is justified. By not contesting this authority, Plaintiff effectively concedes its validity and applicability to the matter at hand.

      b) Moore's Emails Never Threatened Legal Action

Moore sent one cease and desist to Cardinale Winery/Jackson Family Wines, notifying Cardinale Winery/Jackson Family Wines that he owned the trademark JETT and asking that the situation be amicably resolved. This email does not signify that Moore intended to sue Jackson Family Wines. Moore had seen that Cardinale Winery/Jackson Family Wines had applied for and received Certificate of Label Approval. Had Moore not sent an email to Jackson Family Wines, Moore could face abandonment suits that he wasn't monitoring a trademark.

This one email does not justify declaratory judgment. In *In re Artful*, the court "Considering next whether plaintiff has an objectively reasonable apprehension of litigation, the Court notes that a cease and desist letter alone may not amount to an actual controversy." *Artful Color, Inc. v. Hale*, 928 F.Supp.2d 862 (E.D.N.C. 2013). Indeed, Moore's cease and desist to Jackson Family Wines states that he hopes that this issue may be amicably resolved. Jackson Family Wines should have been aware that

---

[1] *Neilmed Products, Inc. v. Med-Systems, Inc.*, 472 F. Supp. 2d 1178, 1180 (N.D. Cal. 2007)

REPLY TO PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO JERRY MOORE'S MOTION TO DISMISS - 4

there are multiple ways to resolve a trademark dispute. Stopping use of the JETT mark was not the only option. The parties could have, for instance, entered into a licensing agreement, or a co-existence agreement. Moore's email did not threaten litigation. Instead, it invited further discussion regarding a resolution of any concerns – an invitation Jackson Family Wines ignored.

A similar situation can be found in *In re Winestore Holdings,* although in addition to a cease and desist, defendant employed an additional action of filing opposition with the USPTO. Defendant Justin Vineyards sent Plaintiff Winestore Holdings a cease and desist email, advising Winestore Holdings that it owned the trademark and that Winestore's trademark application may constitute trademark infringement, false designation of origin and unfair competition under the laws of the United States and state law. Justin also stated in the email that it preferred to settle matters amicably where possible. Justin Vineyards also filed a Notice of Opposition with the USPTO's Trademark Trial and Appeal Board ("TTAB"). Winestore filed an action in district court seeking a declaratory judgment that use of Justin's mark did not violate any law or any purported trademark rights. Justin Vineyards moved to dismiss the action for lack of subject matter jurisdiction, contending that the cease and desist email and TTAB opposition were insufficient to justify declaratory judgment or alternatively that the court stay the action pending the outcome of the TTAB proceeding. In the Memorandum and Recommendation, the Magistrate Judge recommended that the Court grant Defendants' motion and dismiss this case. *Winestore Holdings v. Justin Vineyards & Winery LLC*, 3:18-cv-467-RJC-DCK4 (W.D.N.C. Sep. 18, 2019), The Court agreed with the Magistrate Judge and found that the cease and desist, even in conjunction with the TTAB opposition, was insufficient to meet the case or controversy requirement for a declaratory judgment action. *Winestore Holdings v. Justin Vineyards & Winery LLC*, 3:18-cv-467-RJC-DCK, 3 (W.D.N.C. Sep. 18, 2019). The court *In re Winestore* cited the following two cases:

1. In *1-800-Flowers.com, Inc. v. Edible Arrangements, LLC*, defendant filed six notices of opposition to plaintiff's registration application with the TTAB. 905 F. Supp. 2d 451, 453 (E.D.N.Y. 2012). In all the oppositions, defendant alleged that it would be

REPLY TO PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO JERRY MOORE'S MOTION TO DISMISS - 5

damaged by the use and registration of plaintiff's mark and asserted a likelihood of confusion, tracking a claim for infringement. *Id.* Plaintiff argued that the oppositions were sufficient to establish an actual controversy because the oppositions challenged not only the registration of plaintiff's mark, but also its use. *Id.* at 455. The court rejected plaintiff's argument and concluded that the language of the oppositions, without more, was insufficient to establish an actual controversy between the parties. *Winestore Holdings v. Justin Vineyards & Winery LLC*, 3:18-cv-467-RJC-DCK, 11 (W.D.N.C. Sep. 18, 2019)

2. In *Halo Lifestyle LLC v. Halo Farm, Inc.*, defendant filed eleven notices of opposition to plaintiff's registration application with the TTAB. No. 18 Civ. 9459, 2019 U.S. Dist. LEXIS 65075, at *3 (S.D.N.Y. Apr. 16, 2019). In all the oppositions, defendant claimed that plaintiff's marks infringed on defendant's marks. *Id.* at *3, *13. Plaintiff argued that the oppositions were sufficient to establish an actual controversy because the oppositions challenged not only the registration of plaintiff's mark, but also its use. *Id.* The court concluded that the language of the oppositions, without more, was insufficient to establish an actual controversy between the parties. *Winestore Holdings v. Justin Vineyards & Winery LLC*, 3:18-cv-467-RJC-DCK, 11-12 (W.D.N.C. Sep. 18, 2019).

Plaintiff next attempts to massage Moore's other two emails into a context that would make them appear to threaten Plaintiff with litigation. Plaintiff's speculative interpretation of Moore's communications and anticipated actions lacks merit and should not be considered by the Court. The Fifth Circuit has highlighted the necessity of factual, non-conclusory allegations in trademark cases. Speculative arguments about the defendant's intent or actions without direct evidence were deemed insufficient to sustain claims. *Rolex Watch USA v. Beckertime* (5th Cir. 2024). Likewise, Plaintiff's attempt to frame Moore's withdrawn motion to amend answer and add affirmative defenses as a threat of an infringement

REPLY TO PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO JERRY MOORE'S MOTION TO DISMISS - 6

lawsuit is also speculative, conclusory and incorrect. Moore's argument was directed at the fact that Plaintiff delaying bringing its cancellation claims was prejudicial to Moore. The emails Plaintiff cites and the withdrawn motion for leave to amend certainly didn't give rise to a "reasonable apprehension" of Plaintiff being sued for trademark infringement in federal court. Plaintiff has not proffered enough facts to trigger federal jurisdiction. Declaratory judgments cannot be used to seek an opinion advising what the law would be on a hypothetical set of facts. *MedImmune*, 549 U.S. at 127, 127 S.Ct. 764.

   Plaintiff then points to Moore's settlement discussions to support its claims of imminent threat. At no point was Moore's settlement discussion a thinly veiled threat of litigation. Moore knew that defending his trademarks against Plaintiff's baseless cancellation proceeding was going to be costly. When Plaintiff told Moore it was going to wait until Moore responded to discovery, Moore believed that Plaintiff was merely trying to gain a strategic advantage and not attempting a good faith negotiation. Settlement discussions of the type do not establish sufficient adversity for purposes of a declaratory judgment action. See *Hogs & Heroes Found. Inc*., 202 F.Supp. 3d at 496-97; Vina Casa Tamaya S.A., 784 F.Supp.2d at 396.

  c. Plaintiff's Use of the Mark

    Plaintiff admits that it is a holding company and that its parent company, Jackson Family Wines, is actually the entity that has applied for the necessary permits, and spent money on product design, packaging and marketing. The wine labels feature Jackson Family Wines, not Plaintiff. Plaintiff argues that it owns the trademarks and licenses the mark to Jackson Family Wines and that a "licensee's use inures to the benefit of the licensor-owner of the mark." (Dkt. 13, p.7, line 13). The source-identifying information on marketing materials and the production and marketing efforts identify the mark's owner as Jackson Family Wines (the parent) and not Plaintiff (the subsidiary). It is, therefore, Jackson Family Wines that has control over the nature and quality of the goods to be sold under the mark. If the purported owner is neither using the mark itself nor controlling the nature and quality of the goods/services offered under the mark by its affiliated companies, the mark is not in fact identifying the "owner" as the source of the goods and

REPLY TO PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO JERRY MOORE'S MOTION TO DISMISS - 7

services. As a result, the use by the parent company does not support the purported owner's asserted ownership. To legally license a trademark, one must either own the mark or hold exclusive rights to it.[2]

The situation with Plaintiff and Jackson Family Wines is similar to the parties in *DP Derm, LLC*. The TTAB found the record replete with evidence of the parent's use of the mark in U.S. commerce, but none of those sales or other marketing efforts were attributable to the subsidiary because it was merely a holding company with no operations. As a result, the subsidiary could not demonstrate its use of the mark. The TTAB held that the use by the parent did not inure to the benefit of the subsidiary. Accordingly, since the subsidiary owner of the registration could not benefit from the mark's use by its parent, the TTAB held the mark abandoned and granted the petition to cancel its registration. *DP Derm, LLC v. Derma Pen IP Holdings LLC*, Cancellation No. 92073045 (T.T.A.B. April 3, 2024).

The TTAB's decision in *Noble House Home Furnishings, LLC v. Floorco Enterprises, LLC*, 118 U.S.P.Q.2d 1413 (T.T.A.B. 2016) was likewise applicable. Furnco International Corporation, the parent company, authorized its subsidiary, [Floorco], to be the owner of the registration at issue. Furnco International Corporation chose to structure its business using a legally distinct subsidiary. Such a business structure may offer some advantages, but it also comes with some strictures, and the existence of a separate and distinct legal entity (*e.g.*, in this case a limited liability company) cannot be turned on or off at will to suit the occasion. 118 U.S.P.Q.2d at 1421-22.

If control is exercised by the holding company's parent corporation, the holding company has therefore made a "naked license" and the trademark in question would be considered abandoned by the trademark owner. *CNA Financial Corp. v. Brown*, 922 F. Supp. 567 (M.D. Fla. 1996), reconsideration den. by 930 F. Supp. 1502 (M.D. Fla. 1996), aff'd, 162 F.3d 1334 (11th Cir. 1998) (court found that holding

---

[2] J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 23:11, at 23-106 (5th ed).

REPLY TO PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO JERRY MOORE'S MOTION TO DISMISS - 8

1  company did not actually control the quality of the services offered by its licensees, but only controlled
2  how the marks themselves were used and holding company lost its trademark.)

### d. The TTAB Is Equally Able to Handle This Dispute

Plaintiff argues that because its TTAB proceeding is stayed, this Court should not stay the case, and that this court has jurisdiction to decide all relevant matters between the parties. Plaintiff has missed Moore's point. Moore does not dispute this Court's authority to decide the issue in the instant suit. Rather Moore contends that a ruling from the TTAB, who has already had this case for over a year and a half, and is an entity with special knowledge in this area of law, will be instructive to this Court. See e.g. *Inc. v. Manpower, Inc.*, 498 F.Supp. 21 (E.D.Pa. 1980); *C-Cure Chem. Co. v. Secure Adhesives Corp.*, 571 F. Supp. 808, 823 (W.D.N.Y. 1983) (finding that TTAB adjudication "would materially aid in ultimately deciding the issues presented before the court"…given the specialized knowledge and experience of the Board and that the Board "is better equipped than are the courts to make an initial determination as to trademark registration and infringement."). The heart of this matter concerns the registration of Plaintiff's and Moore's marks which will properly be resolved in the TTAB proceeding already underway. The rights of both parties will be determined in due course. Plaintiff has recourse regarding the TTAB's decisions. A party to a cancellation proceeding who is dissatisfied with the TTAB's decision can appeal to the U.S. Court of Appeals for the Federal Circuit, 15 U.S.C. § 1071(a). *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 704 n.2 (4th Cir. 2016).

### e. Plaintiff's Request for Leave to Amend

Plaintiff requests that if the Court should find that Plaintiff has not sufficiently plead facts as to a reasonable apprehension of a lawsuit, Plaintiff requests leave to amend the Complaint. This would be Plaintiff's *fourth* bite at the apple (TTAB petition and amended petition, Plaintiff's complaint in the instant suit and an amended complaint). This would unnecessarily prolong the litigation, would not be an efficient resolution and would prevent undue hardship on Moore.

### V. CONCLUSION

REPLY TO PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO JERRY MOORE'S MOTION TO DISMISS - 9

Even if the Court determines that it has jurisdiction, it should nevertheless decline to exercise it. For the reasons outlined above, Moore respectfully requests that the Court grant the Motion to Dismiss with prejudice.

DATED: 12-4-24

_____
Jerry Moore

REPLY TO PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO JERRY MOORE'S MOTION TO DISMISS - 10

# CERTIFICATE OF SERVICE

I am over the age of 18 years and am not a party to this action. My address is 6101 Hunter Ln Colleyville TX. I hereby certify that a true and complete copy of the foregoing REPLY TO PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO JERRY MOORE'S MOTION TO DISMISS has been served on

        ATTORNEYS FOR PLAINTIFF:
        J. SCOTT GERIEN, JOY DURAND, ALLISON N. BERK AND ISABELLA RAMOS

by forwarding said copy on December 4, 2024, via email

to: sgerien@dpf-law.com, jdurand@dpf-law.com, iramos@dpf-law.com, aberk@dpf-law.com

Dated: December 4, 2024

Signature _____
                AMY MOORE

REPLY TO PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO JERRY MOORE'S MOTION TO DISMISS - 11