Jerry Moore
1198 Pacific Coast Highway, Suite D- 115
Seal Beach, CA 90740
Primotrader11@yahoo.com
In Pro Per

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON FAMILY FARMS, LLC., | Case No.: 3:24-cv-06763-TLT |
| Plaintiff, | |
| vs. | **DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE THE PARTIES' RULE 26(F) CONFERENCE AND THE INITIAL CASE MANAGEMENT CONFERENCE, AND TO STAY DISCOVERY** |
| JERRY MOORE, | |
| Defendant | |

## INTRODUCTION

Defendant Jerry Moore ("Moore" or "Defendant") moves this Court pursuant to the Court's inherent power to control discovery and Federal Rule of Procedure 26 (c)(1) for an order continuing the Rule 26(f) conference and ancillary deadlines, continuing the Initial Case Management Conference and an order staying discovery pending Moore's Motion to Dismiss. The pending motion to dismiss raises several issues, including: Moore's claims that Plaintiff's filing of the instant suit was forum shopping, the Court lacks subject matter jurisdiction, Plaintiff lacks Article III standing and Plaintiff has failed to state a claim. Moore's Motion to Dismiss is meritorious, potentially dispositive of the entire case and can be decided without any discovery. Further, this case is merely at the pleading stage, Defendant has not filed an

DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE THE PARTIES' RULE 26(F) CONFERENCE AND THE INITIAL CASE MANAGEMENT CONFERENCE, AND TO STAY DISCOVERY - 1

answer or counterclaim, no party has served any discovery in the instant suit and a stay will preserve the time and resources of the court and the parties. Finally, an evaluation of the merits of the pending motion to dismiss weighs in favor of granting a stay[1].

## FACTS

Plaintiff Jackson Family Farms, LLC ("Plaintiff") filed a Complaint seeking declaratory judgment of no trademark infringement, no unfair competition and trademark invalidity and cancellation of two of Moore's trademarks. In response, Moore filed a Motion to Dismiss. One of Moore's arguments for dismissal is that Plaintiff's filing of the instant suit amounted to "forum shopping", as immediately after Plaintiff filed the instant suit, Plaintiff filed a motion to stay its Trademark Trial and Appeal ("TTAB") proceedings, with had been litigated for over a year and were ripe for disposition. District courts have found suspending TTAB proceedings immediately after filing an action in district court amounted to forum shopping. The Ninth Circuit has cautioned against the exercise of jurisdiction where litigants appear to engage in forum shopping or procedural fencing. Plaintiff's pleadings in the instant suit allege the same facts and arguments as those pled by Plaintiff in its TTAB Petitions for Cancellation, with added claims for declaratory relief. The TTAB has already rendered rulings adverse to Plaintiff based on these pleadings. Plaintiff had already served discovery, including requests for admissions, interrogatories, and requests for production on Moore, and Moore had timely responded. Plaintiff also deposed Moore and a non-party. Discovery in the TTAB

---

[1] Moore requested that Plaintiff stipulate to a stay of discovery pending a ruling on the Motion to Dismiss on December 5, 2024. Plaintiff did not agree.

DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE THE PARTIES' RULE 26(F) CONFERENCE AND THE INITIAL CASE MANAGEMENT CONFERENCE, AND TO STAY DISCOVERY - 2

proceeding is closed and Plaintiff's TTAB proceeding is ripe for disposition.  Moore is asking the Court to dismiss Plaintiff's Complaint, or in the alternative, to stay the instant case pending the outcome of Plaintiff's TTAB cancellation proceedings.  Allowing discovery to proceed in this case before Moore's Motion to Dismiss would essentially allow Plaintiff to re-open discovery in its TTAB proceeding.

Moore's claims for dismissal under Rule 12(b)(1) and Rule 12(b)(6) are likewise potentially dispositive of the entire case, including that Plaintiff's Complaint fails to establish a real and reasonable apprehension of litigation and Plaintiff was not engaged in a course of conduct which brings it into adversarial conflict with the declaratory judgment defendant. Accordingly, Defendant has met its burden, and the Court should continue the Rule 26(f) conference and ancillary deadlines, continue the Initial Case Management Conference and stay discovery.

Moore's Motion to Dismiss is fully briefed and set to be heard on February 4, 2025. Plaintiff does not claim that it needs any discovery to oppose the motion to dismiss. An Initial Case Management Conference ("CMC") is scheduled for January 2, 2025. Other ancillary deadlines loom before this date:

- Deadline to file ADR process selection, and discovery plan. ADR Certification. 12/12/2024
- Deadline to meet and confer re: initial disclosures, early settlement, 12/12/2024
- Deadline to file Joint Case Management Statement. 12/26/2024

Because the Motion to Dismiss remains pending, however, the parties will not be able to conduct a realistic or efficient Rule 26(f) conference, file an accurate Joint Case Management Statement, or engage in a worthwhile Scheduling Conference until this dispositive motion is

decided. Accordingly, Moore respectfully requests that the Court continue the Rule 26(f) Conference and ancillary deadlines, continue the January 2, 2025 Initial Case Management Conference ("CMC") and stay discovery until after the Court's resolution of Moore's Motion to Dismiss.

## LEGAL STANDARD

The power of a federal district court to stay discovery in civil cases has two sources. The first is Federal Rule of Civil Procedure 26(c), which empowers courts to stay discovery if good cause is shown. Fed. R. Civ. P. 26(c)(1) The second source of this power is the courts' inherent authority to control their dockets. See *Clinton v. Jones,* 520 U.S. 681, 706 (1997).

A district court "may, for good cause, issue an order to protect a party or person from … undue burden or expense," including by staying discovery. Fed. R. Civ. P. 26(c)(1); see, e.g., *Reveal Chat Holdco, LLC v. Facebook, Inc.,* 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020); *In re Nexus 6P Prod. Liab. Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017). A district court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Chadwick v. BMO Harris Bank NA*, 675 F. App'x 654, 655 (9th Cir. 2017). The court has discretion to impose a stay of discovery pending the disposition of a dispositive motion. *Hachette Distribution, Inc. v. Hudson County News Company, Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)." *U.S. Philips Corporation v. Synergy Dynamics Intl*, Case No. 2:05-cv-00577-PMP-GWF, 4 (D. Nev. Nov. 22, 2006).

Federal Rule of Civil Procedure 26(c)(1) permits the Court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Good cause exists when (1) the pending motion is potentially dispositive

of the entire case and (2) it can be decided absent additional discovery. *Pacific Lumber Co. v. Nat'l Fire Ins. Co.*, 220 F.R.D. 349, 351 (citing *Lowery v. F.A.A.*, 1994 WL 912632 *3 (E.D. Cal. 1994.)). Moore's pending Motion to Dismiss is potentially dispositive of the entire case and an be decided without additional discovery.

Courts routinely stay discovery when there is a pending jurisdictional challenge. *In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (granting limited stay of discovery pending hearing on motions to dismiss directed at the merits and personal jurisdiction); *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, No. 2:12-CV00146-LDG, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012) ("a pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved."); *Liberty Media Holdings, LLC v. Letyagin,* 2012 WL 3135671 *5 (D.Nev .) ("A defendant should not be required to engage in expensive and burdensome discovery in a court that has no jurisdiction over him.") *Clemons v. Hayes,* No. 2:1 0–cv–01 163–KJD–GWF, 2011 WL 2112006, at * 1 (D. Nev. May 26, 2011) (noting that challenges to jurisdiction, venue, and immunity are common examples of situations where a motion to dismiss would warrant a stay of discovery); *Tradebay,* 278 F.R.D. at 608 (staying discovery where "the motion to dismiss raises the court's subject matter jurisdiction").

Courts in this district routinely grant motions to stay discovery when defendant's motion is potentially dispositive of the entire case. *Heck v. Amazon.com*, 22-cv-03986-JSW, 3 (N.D. Cal. Nov. 1, 2022) citing *Pac. Lumber Co*., 220 F.R.D. at 351. *Yangtze Memory Technologies, Inc. v. Strand Consult* (5:24-cv-03454) (N.D. Cal. Dec. 2, 2024).

DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE THE PARTIES' RULE 26(F) CONFERENCE AND THE INITIAL CASE MANAGEMENT CONFERENCE, AND TO STAY DISCOVERY - 5

Courts in this District also routinely exercise their inherent power to control their dockets to continue CMCs pending resolution of motions to dismiss. *Ou-Young v. Rea*, 2014 WL 129267, at *2 (N.D. Cal. Jan. 14, 2014) (Grewal, J.). "conducting a CMC on [such a] date would be inappropriate in light of defendants' pending motions to dismiss." *Azad v. Tokio Marine HCC - Med. Ins. Servs. Grp.*, No. 17-cv-00618-PJH (N.D. Cal. May 26, 2017), ECF No. 77 (Hamilton, J.) (explaining that "it is not this court's typical practice to conduct a case management conference (CMC) until the pleadings are settled"). Notably, a stay is particularly appropriate where the "[d]efendant challenges Plaintiffs' Article III standing," as Moore has done here. *See Camacho v. United States*, 2014 WL 12026059, at *3 (S.D. Cal. Aug. 15, 2014); *see also Al Otro Lado, Inc. v. Nielsen*, 2018 WL 679483, at *3 (S.D. Cal. Jan. 31, 2018). Requiring the Parties to engage in discovery of issues that may be mooted if Moore succeeds on its Motion to Dismiss, and forcing the Parties to engage in the inevitable negotiation around the 26(f) report, would be highly inefficient for both the Parties and the Court.

Moore's requested continuances and stay of discovery would create significant efficiencies for the Court, and save substantial time and expense for the Parties. Granting this motion is within the Court's discretion, is well supported by precedent, and is the most efficient use of time and resources for the Parties and the Court.

**A. The Rule 26(f) Conference, Case Management Conference (and Related Deadlines) Should Be Continued Because There Is A Pending Motion to Dismiss**

Courts in this district have adopted a two-part test to determine whether to stay discovery pending resolution of a dispositive motion. See *Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, the pending

motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pacific Lumber Co.*, 220 F.R.D. at 351. Second, the court must determine whether the pending dispositive motion can be decided absent discovery. *Id.* at 352. If the court answers these two questions in the affirmative, a protective order may issue. *Id*. In applying this two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).  The Court does not need to provide an opinion on the merits of the upcoming motion to dismiss. Rather, if the Court finds that Defendant has established in their papers that the subject matter jurisdiction issue is "potentially dispositive" of the entire case, this would favor staying discovery until the Court issues a ruling on the issue. See *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981*); Yiren Huang v. Futurewei Techs., Inc.,* No. 18-cv00534-BLF, 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27, 2018).

      With respect to the first prong of the test, Defendant filed a Motion to Dismiss that, if granted, would be dispositive of the entire case. The second prong of the test is also satisfied, as Moore's Motion to Dismiss can be decided absent discovery. Under these circumstances, the Court should stay discovery pending resolution of Moore's Motion to Dismiss.

**B. If the Rule 26(f) Conference and Ancillary Deadlines Are Not Continued, a Stay of Discovery Is Warranted**

      Discovery has not yet commenced in this action. Under Rule 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) [not applicable

here], or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Unless the Court orders otherwise, the Rule 26(f) conference is to be held at least twenty-one days prior to a scheduling conference. Fed. R. Civ. P. 26(f)(1). As outlined above, Moore seeks to continue the parties' Rule 26(f) conference and thus stay discovery – a request that Plaintiff opposes. Moore has also requested a continuance of the Initial Case Management Conference currently set for January 2, 2025, based on the pending Motion to Dismiss. Moore also requests that the Court continue the ancillary deadlines ( Joint Case Management Statement, discovery plan, meet and confer re: initial disclosures and ADR process selection) until after Moore's Motion to Dismiss. Even if the Conference is not continued and the parties are required to proceed with a Rule 26(f) conference, discovery should be stayed pending a decision on the Motion to Dismiss. Allowing discovery to commence now, despite the Motion to Dismiss, would be contrary to the purpose of the Federal Rules of Civil Procedure, undermine judicial efficiency, and prejudice Defendant.

**C. A Stay of Discovery Promotes the Purposes of Rule 12(b)(1), Rule 12(b)(6), and Judicial Economy and Fairness**

It would not serve judicial efficiency or fairness to the parties to allow discovery prior to Moore's Motion to Dismiss. Defendants can use Rule 12(b)(1) of the Federal Rules of Civil Procedure to challenge the legal sufficiency of complaints without engaging in discovery. Rule 12(b)(1) motions focus on subject matter jurisdiction, allowing courts to dismiss a case if they lack the authority to hear it. Courts often resolve purely legal issues at the Rule 12(b)(1) stage without requiring factual development or discovery. Similarly, "[t]he purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without

DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE THE PARTIES' RULE 26(F) CONFERENCE AND THE INITIAL CASE MANAGEMENT CONFERENCE, AND TO STAY DISCOVERY - 8

subjecting themselves to discovery." *Rutman Wine Co. v. E & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

If Defendant's Motion to Dismiss is granted, the Court may dispense with the suit altogether, and any discovery prior to the ruling will have been for nothing (other than allowing Plaintiff to use it in its TTAB cancellation proceeding, in which discovery is already closed). Thus, a stay of discovery while the Motion to Dismiss is pending will accomplish the overarching goal of the Federal Rules: "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. See *Rutman Wine Co.*, 829 F.2d at 738 ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").

On the other hand, Plaintiff would not suffer any prejudice were discovery to be stayed until the Court has decided Defendant's Motion to Dismiss. No initial scheduling conference has been held, and the Court has not yet set discovery deadlines (such that a delay in discovery might prejudice Plaintiff absent a modification by the Court to an existing scheduling order). In these unique and extraordinary circumstances, good cause exists for a stay of discovery. The requested stay would provide for the orderly course of justice, avoid significant burden and associated expenses, conserve essential judicial resources and provide fairness to the parties.

CONCLUSION

For all of these reasons, Defendant requests that the Court grant his Motion for Continuance of the Rule 26(f) conference and other ancillary deadlines, and the Initial Case

DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE THE PARTIES' RULE 26(F) CONFERENCE AND THE INITIAL CASE MANAGEMENT CONFERENCE, AND TO STAY DISCOVERY - 9

1  Management Conference, and to Stay Discovery pending resolution of Moore's Motion to
2  Dismiss.
3
4
5  DATED: December 6, 2024
6
7
8                                              _____
                                                JERRY MOORE
9                                               In Pro Per
10

28  DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE THE PARTIES' RULE 26(F) CONFERENCE
    AND THE INITIAL CASE MANAGEMENT CONFERENCE, AND TO STAY DISCOVERY - 10

# CERTIFICATE OF SERVICE

I am over the age of 18 years and am not a party to this action. My address is 6161 Hinkerly Coilesville, TX. I hereby certify that a true and complete copy of the foregoing **DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE THE PARTIES' RULE 26(F) CONFERENCE AND THE INITIAL CASE MANAGEMENT CONFERENCE, AND TO STAY DISCOVERY** has been served on

    ATTORNEYS FOR PLAINTIFF

    J. SCOTT GERIEN, JOY DURAND, ALLISON N. BERK AND ISABELLA RAMOS

by forwarding said copy on December 6, 2024, via email

to: sgerien@dpf-law.com, jdurand@dpf-law.com, iramos@dpf-law.com, aberk@dpf-law.com

Dated: December 6, 2024

_____
Amy Moore

DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE THE PARTIES' RULE 26(F) CONFERENCE AND THE INITIAL CASE MANAGEMENT CONFERENCE, AND TO STAY DISCOVERY - 11