J. SCOTT GERIEN (SBN 184728)
sgerien@dpf-law.com
JOY L. DURAND (SBN 245413)
jdurand@dpf-law.com
ALLISON N. BERK (SBN 347982)
aberk@dpf-law.com
DICKENSON, PEATMAN & FOGARTY
1500 First Street, Suite 200
Napa, California 94559
Telephone: (707) 261-7000
Facsimile: (707) 340- 7239

*Attorneys for Plaintiff,*
*Jackson Family Farms, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON FAMILY FARMS, LLC,<br><br>     Plaintiff,<br><br>vs.<br><br>JERRY MOORE,<br><br>     Defendant. | **Case No. 3:24-cv-06763-TLT**<br><br>**PLAINTIFF JACKSON FAMILY FARMS, LLC'S OPPOSITION TO DEFENDANT JERRY MOORE'S ADMINISTRATIVE MOTION TO CONTINUE THE PARTIES' RULE 26(F) CONFERENCE AND THE INITIAL CASE MANAGEMENT CONFERENCE, AND TO STAY DISCOVERY**<br><br>Judge: Hon. Trina L. Thompson |

Plaintiff, Jackson Family Farms, Inc. ("Plaintiff"), hereby opposes the Administrative Motion to Continue the Parties' Rule 26(f) Conference and the Initial Case Management Conference, and to Stay Discovery filed by Defendant, Jerry Moore ("Defendant").

As an initial matter, Plaintiff objects to the length of Defendant's motion because it is eleven (11) pages long. Under Northern District of California Civil Local Rule 7-11(a), "a motion for an order concerning a miscellaneous administrative matter may not exceed 5 pages." Defendant's

1    motion is more than double the permissible page limit. Therefore, the Court should disregard all

2    pages in excess of the limit.

3        Further, Defendant has failed to carry his burden to establish that a stay of proceedings and

4    discovery is warranted. Although Defendant stated that a stay is justified because his motion to

5    dismiss is pending, "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket

6    stays of discovery when a potentially dispositive motion is pending." *Shift4 Corp. v. Martin*, No.

7    2:11–cv–01315–MMD–PAL, 2012 WL 3206027, *2 (D. Nev. Aug. 3, 2012) (citing *Skellercup*

8    *Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) (stating that if the Federal Rules

9    contemplated that a motion to dismiss under Rule 12(b)(6) would stay discovery, they would have

10    explicitly so stated, and finding that a stay of discovery was directly at odds with the need for the

11    expeditious resolution of litigation). Other than his motion being dispositive, Defendant has not

12    shown that the "circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418,

13    433–34 (2009).

14        Plaintiff will be prejudiced by a continuance. Following Defendant's numerous litigation

15    threats, Plaintiff brought the instant action seeking a judicial declaration that Plaintiff's conduct does

16    not infringe Defendant's alleged trademark rights. Plaintiff has invested in, and continues to invest

17    in, the JETT brand. As such, any delays in these proceedings prolong the real and reasonable

18    possibility that Plaintiff will suffer significant financial losses should the Court find in Defendant's

19    favor.

20        While Plaintiff believes that neither a stay of the scheduled case management conference nor

21    the opening of discovery is warranted, Plaintiff's primary concern is ensuring that the case is in a

22    position to proceed without undue delay should the court deny the motion to dismiss.  Immediately

23    initiating discovery is less important to Plaintiff, so Plaintiff is willing to voluntarily hold on serving

24    any discovery until after the Court has decided the pending motion, but Plaintiff requests that the

25    scheduled case management conference remains on calendar, or that the Court reschedule the case

26    management conference so that it occurs concurrently with the hearing for the pending motion on

27    February 4, 2025.  In this way, should the Court deny the pending motion, the case is prepared to

28    proceed without undue delay.

1

DATED:  December 9, 2024

DICKENSON, PEATMAN & FOGARTY

2

3

By: _____



4

J. Scott Gerien (SBN 184728)
sgerien@dpf-law.com

5

Joy L. Durand (SBN 245413)
jdurand@dpf-law.com

6

Allison N. Berk (SBN 347982)
aberk@dpf-law.com

7

1500 First Street, Suite 200

8

Napa, CA 94559
Tel. No.: (707) 261-7000

9

Attorneys for Plaintiff

10

Jackson Family Farms LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28