UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JACKSON FAMILY FARMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JERRY MOORE,<br><br>Defendant. | Case No. 24-cv-06763-TLT   (PHK)<br><br>**ORDER RESOLVING DISPUTES RE: MOTIONS TO QUASH DEPOSITION NOTICE AND THIRD-PARTY SUBPOENAS**<br><br>Re: Dkts. 82, 88, 89 |

This case has been referred to the undersigned for all discovery matters. *See* Dkt. 61. Now pending before the Court are joint letter briefs regarding discovery disputes between Plaintiff Jackson Family Farms, LLC ("JFF") and Defendant Jerry Moore ("Mr. Moore"), the first concerns JFF's notice of deposition served on Mr. Moore, and the second concerns subpoenas for oral depositions and document production served on two nonparties, Ian Donald and Tami Donald. [Dkt. 82; Dkt. 88; Dkt. 89]. The Court finds the disputes suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

**LEGAL STANDARD**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery").

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

## ANALYSIS

### I. Deposition Notice Directed to Defendant Moore

The Parties first dispute relates to Plaintiff JFF's deposition notice seeking to notice the deposition of Defendant Jerry Moore, which was served by JFF on August 21, 2025, setting this deposition for September 16, 2025 in Napa, California. [Dkt. 88].

Mr. Moore asks to the Court to "quash" the deposition notice, arguing that it is procedurally and jurisdictionally defective. *Id.* at 4. Specifically, Mr. Moore argues that the deposition notice is procedurally defective because it provides only twenty-six days' notice, which according to Mr. Moore, violates the advance notice requirements set forth in Section D of the undersigned's Discovery Standing Order. *Id.* In addition, Mr. Moore argues that the notice violates the geographic proximity requirements of Federal Rule of Civil Procedure 45(c), because the notice commands Mr. Moore to appear for a deposition in Napa, California, which is more than 1,500 miles away from where he lives, in Dallas, Texas. *Id.* Finally, Mr. Moore argues that the deposition would be "unduly burdensome and duplicative," because he previously sat for a full-day deposition in JFF's Trademark Trial and Appeal Board (TTAB) proceeding and responded to "extensive discovery" in both the TTAB and in this action. *Id.* at 5.

The arguments here are not persuasive for barring entirely Mr. Moore's deposition. First, Rule 45 does not apply to deposition notices of parties under Rule 30; as such, Mr. Moore's

2

arguments based on Rule 45 (such as the 100 mile geographic limit) are legally inapposite. "Deposition of a party, however, may proceed by notice; a subpoena is not required. A deposition of a party proceeding by notice is not governed by Rule 45." *Ewing v. Integrity Cap. Sols., Inc.*, No. 16-cv-1469-JLS-MDD, 2018 WL 3729139, at *1 (S.D. Cal. Aug. 6, 2018) (citing *Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1158-59 (9th Cir. 2010)) (remaining citation omitted); *see also Cont'l Baking Co. v. M & G Auto. Specialists*, No. 92 C 3714, 1993 WL 75066, at * 1 (N.D. Ill. Mar. 15, 1993) ("[Rule] 45(d)(2) is not applicable to depositions of parties[.]"). Further, while a subpoena may be quashed, a deposition notice of a party is not "quashed"—procedurally, the proper vehicle here would be for a party to file a motion for a protective order under Rule 26(c). *Ewing*, 2018 WL 3729139, at *1. There is no subpoena here in the instant case to be quashed. Although Mr. Moore technically requested an order "quashing" his deposition notice, the Court construes this procedurally as a request for a protective order with regard to the location and timing of Mr. Moore's deposition. The Court will not elevate form over substance in this instance, where the substantive dispute fundamentally goes to the location and date of Mr. Moore's deposition (and not to the form of his requested relief).

As to the issue of the location of Mr. Moore's deposition, the Court notes that "[t]he trial court has great discretion in establishing the time and place of deposition." *Cont'l Baking*, 1993 WL 75066, at * 1. Ordinarily, "the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order." *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008). "Once their protection is sought, district courts have wide discretion to establish the time and place of depositions. Courts consider the relative convenience of and hardships to the parties when determining whether there is good cause to grant a protective order." *Id.* (citation omitted).

In general, a party should be deposed where they reside. "In response to a motion for a protective order under Rule 26(c), absent unusual circumstances, courts generally order the deposition to occur at the place where the defendant resides or does business to avoid undue burden and expense." *Ewing*, 2018 WL 3729139, at *2. An individual's preference that their deposition be taken near their residence "is normally respected." *Ameris Bank v. Russack*, No.

3

CV614-002, 2015 WL 4770190, at *2 (S.D. Ga. April 1, 2015) (citing *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010)).

      Second, as to the timing of the deposition notice, while this Court's Discovery Standing Order provides that depositions "may" be noticed with at least thirty calendar days' notice, the Discovery Standing Order also requires that all of the parties in the action meet and confer "reasonably in advance" to schedule depositions at mutually convenient times and places. Neither Party complied with that requirement here, because the Parties waited until near the end of the fact discovery period to jointly discuss deposition scheduling. The obligation to discuss deposition scheduling falls on all counsel, and Mr. Moore's argument that JFF waited too long to raise the scheduling of Mr. Moore's deposition is equally applicable to Mr. Moore himself. *See In re SanDisk SSDs Litig.*, No. 23-cv-04152-RFL (LJC), 2025 WL 1276002, at *3 (N.D. Cal. May 2, 2025).

      With these issues in mind, the Court notes further that Mr. Moore seeks an order "quashing," or barring completely, the entirety of his deposition in this case. The fact that Mr. Moore was deposed in a TTAB action is not sufficient grounds to preclude his deposition in its entirety here. No showing has been made as to how or why that TTAB deposition necessarily covered every issue in dispute in this case, or why a deposition here would be duplicative or unduly burdensome. Nor has Mr. Moore indicated any attempt on his part to stipulate that his TTAB deposition transcript and exhibits would be fully admissible in this case, as if it were taken in this action. It is not unusual for parties litigating in multiple, parallel proceedings to have to sit for separate depositions for each action, particularly where the legal issues and forms of relief sought in each are different. A TTAB action, by its nature, differs from this lawsuit because the forms of relief available and the procedural issues as between the two fora differ. It would be a rare case in which a defendant had a compelling argument to completely bar his deposition being taken in a case, particularly where, as here, that defendant is asserting counterclaims. *See* Dkt. 75.

      Accordingly, Mr. Moore's motion to "quash" the deposition notice (construed as a motion for protective order as to his deposition notice) is **DENIED IN PART**. Mr. Moore's argument as to the timing of the deposition notice is itself procedurally defective and unpersuasive. The

4

deposition **SHALL** go forward subject to the following:

First, by noticing the deposition to take place in Napa, California when the Parties know that Mr. Moore resides in Dallas, Texas, JFF failed to reasonably comply with the law discussed above regarding the presumptive location of a party's deposition. Further, it appears from the briefing that JFF failed to comply fully with Civil Local Rule 30-1, this Court's Discovery Standing Order, and Guideline for Professional Conduct No. 9 with regard to setting the location for this deposition.

Accordingly, the deposition notice is **MODIFIED** to require the deposition to take place in Dallas, Texas. The Parties **SHALL** meet and confer promptly in person or by videoconference to agree on a mutually agreeable date and time for Mr. Moore's deposition at a location in Dallas, Texas to be selected by counsel for JFF.

The Parties are **ORDERED** to file a joint status report by **September 19, 2025**, reporting on the final noticed date, time, and location for the Moore deposition in Dallas, Texas. If the Parties report that they are somehow incapable of reaching agreement on the date of the Moore deposition, the senior-most lead counsel for each Party **SHALL BE ORDERED** to meet and confer **in person** in Courtroom F of the San Francisco courthouse on Monday, September 22, 2025, at 1 p.m., to attempt to reach agreement. This in-person meet and confer need not go forward if the Parties report on September 19, 2025 that they have reached agreement on the date and time for the Moore deposition in Dallas, Texas.

## II.   Subpoenas to Nonparties Ian Donald and Tami Donald

The Parties second dispute relates to subpoenas served by JFF on two nonparties—Mr. Moore's sister, Tami Donald, and her husband, Ian Donald. [Dkt. 82, 89].

Mr. Moore moves to quash these third-party subpoenas on the grounds that: (1) they violate Rules 45(a)(4) and (d)(1); (2) they violate the Discovery Standing Order's advance notice requirements and conferral requirements; and (3) the subpoenas' requests are "[o]verbroad, irrelevant, and invasive." [Dkt. 82 at 3-4; Dkt. 89 at 5-6].

Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena commanding a nonparty to, among other things, appear for deposition and produce documents within the

1  nonparty's possession, custody, or control. Fed. R. Civ. P. 41(a)(1)(A)(iii). The scope of
2  discovery allowed under a Rule 45 subpoena is generally the same as the scope of discovery
3  permitted under Rule 26(b). *In re Subpoena to Apple, Inc.*, No. 5:14-cv-80139-LHK, PSG, 2014
4  WL 2798863, at *2 (N.D. Cal. June 19, 2014); *see* Fed. R. Civ. P. 45 advisory committee's note to
5  1970 amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to
6  Rule 34 and the other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other
7  party a request within the scope of Rule 26(b).").

8       A nonparty commanded to produce documents pursuant to a Rule 45 subpoena may
9  challenge the subpoena in one of three ways: (1) by written objection; (2) by moving to quash or
10 modify the subpoena; or (3) by moving for a protective order. *See* Fed. R. Civ. P. 26(c); Fed. R.
11 Civ. P. 45(d)(2)(B), (d)(3). If a nonparty responds to a Rule 45 subpoena with objections, the
12 party who served the subpoena may move for an order compelling compliance. Fed. R. Civ. P.
13 45(d)(2)(B)(i). Subpoena-related motions under Rule 45 must be brought in "the court for the
14 district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3)(A)-(B), (e)(2)(B).

15      The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar.*
16 *Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude
17 in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of
18 discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). As part of its
19 inherent discretion and authority, the Court has discretion whether to grant a motion to quash a
20 Rule 45 subpoena for documents. *See Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1519 (9th
21 Cir. 1987).

22      Here, the motion challenging Rule 45 subpoenas is filed not by the third parties to whom
23 the subpoenas are directed, but instead by one of the Parties to this litigation. "To have standing
24 to bring a claim in federal court, a party must have a personal stake in the outcome, and this
25 threshold requirement also applies to discovery disputes." *Lineberry v. AddShopper*, No. 23-cv-
26 01996-VC (PHK), 2025 WL 274598, at *2 (N.D. Cal. Jan. 23, 2025) (quoting *In re Uber Techs.,*
27 *Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB (LJC), 2024 WL 3416644, at *2
28 (N.D. Cal. July 14, 2024)). "Generally speaking, a party to an action does not have standing to

move to quash a subpoena served upon a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Id.* "Because of this, 'a party's objection that a subpoena to a nonparty seeks irrelevant information, or that it would impose an undue burden, are not grounds on which that party can base standing to move to quash a subpoena when the nonparty has not objected.'" *Id.*

Here, there is no dispute that Ian and Tami Donald are nonparties. As such, Mr. Moore bears the burden of persuasion to overcome the general presumption that he lacks standing to move to quash the third-party subpoenas at issue. *Lineberry*, 2025 WL 274598, at *3. Based on the record presented here, Mr. Moore has failed to meet this burden.

Mr. Moore argues that he has standing to challenge the third-party subpoenas at issue, because the subpoenas are directed at his "close family members" and seek documents relating to his own "personal, financial, and proprietary information." [Dkt. 89 at 4]. However, he makes no showing that the subpoenas seek documents which implicate his attorney-client privilege or any other privileges. Further, Mr. Moore's generalized arguments that the documents sought relate to personal information is insufficient to meet his burden. First, JFF has committed that it does not object to confidential treatment as to any documents or information Mr. Moore considers personal, financial, or propriety. *Id.* at 7. Apparently, Mr. Moore has refused to stipulate to a protective order such as the Court's Model Protective Order in this case. *Id.* at 8. The confidentiality concerns raised by Mr. Moore are readily addressed: until the Parties stipulate to a protective order in this action, the Court **ORDERS** that any documents, testimony, or information produced by either Tami Donald or Ian Donald in this action **SHALL** be treated by all counsel and all Parties as Confidential under the terms of the Court's Model Stipulated Protective Order (for standard litigation), the terms of which are hereby incorporated by reference. The Parties are **ORDERED** to promptly meet and confer and reasonably negotiate the terms of a Stipulated Protective Order for purposes of this case, and **SHALL** file their proposed Stipulated Protective Order by **October 3, 2025**. Until such Stipulated Protective Order is entered, the terms of the Court's Model Stipulated Protective Order **SHALL** be followed by the Parties in this case. To the extent Mr. Moore seeks to quash the subpoenas issued to the Donalds on the grounds that his confidential

7

information is somehow implicated, that argument is mooted by the entry of this Protective Order.

Moreover, Mr. Moore's arguments on these confidentiality grounds are insufficiently detailed to explain why the subpoenas should be quashed (as opposed to modified or narrowed in some way). Finally, Mr. Moore makes insufficient showing as to whether his personal, financial or proprietary information was disclosed or provided to these third parties under any terms or conditions (much less an agreement) regarding maintaining confidentiality. That is, there is insufficient showing that Mr. Moore's information, in the custody, possession or control of the Donalds, retained its confidential nature when he disclosed any such documents and information to them.

Accordingly, for all these reasons, Defendant Moore's motion to quash these third-party subpoenas is **DENIED**.

## CONCLUSION

For all the reasons discussed herein, the motion to quash (construed as a motion for protective order) as to the deposition notice of Mr. Moore is **DENIED IN PART**.

Mr. Moore's motion to quash the subpoenas issued to third parties Ian Donald and Tami Donald is **DENIED.**

This **RESOLVES** Dkts. 82, 88, and 89.

**IT IS SO ORDERED.**

Dated: September 15, 2025

_____
PETER H. KANG
United States Magistrate Judge