UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JACKSON FAMILY FARMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JERRY MOORE,<br><br>Defendant. | Case No. 24-cv-06763-TLT  (PHK)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF SEPTEMBER 16, 2025 DISCOVERY ORDER**<br><br>Re: Dkt. 94 |

This case has been referred to the undersigned for all discovery matters. *See* Dkt. 61. Now pending before the Court is Defendant Jerry Moore's request for leave to file a motion for reconsideration of this Court's September 16, 2025 Order resolving discovery disputes between the Parties, the first dispute concerning Plaintiff's notice of deposition served on Mr. Moore, and the second dispute concerning subpoenas for oral depositions and document production served on two nonparties, Ian Donald and Tami Donald. [Dkt. 94]. For the following reasons, Mr. Moore's request for leave to file a motion for reconsideration is **DENIED**.

A party seeking reconsideration of an interlocutory court order must first seek leave to file such a motion. Civil L.R. 7-9(a). The moving party must specifically show one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know of such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the Court. Civil L.R. 7-9(c). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion for reconsideration." Civil L.R. 7-9(d).

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Gamevice, Inc. v. Nintendo Co.*, 677 F. Supp. 3d 1069, 1071 (N.D. Cal. 2023) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). "As such, it should not be granted 'absent highly unusual circumstances.'" *Id.* (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

Here, Defendant Moore asks the Court to reconsider its September 16, 2025 Order resolving three discovery letter briefs, one of which concerned Plaintiff JFF's notice of Mr. Moore's deposition in this matter, and two of which concerned subpoenas served by JFF on two nonparties—Mr. Moore's sister, Tami Donald, and her husband, Ian Donald. *See* Dkt. 93. As explained in that September 16, 2025 Order, the Court denied Mr. Moore's request to "quash" the entirety of his deposition notice, because Mr. Moore's argument concerning the timing of the deposition notice was procedurally defective and unpersuasive, ordering instead that the deposition notice be modified to require that the deposition take place in Dallas, Texas (the location of Mr. Moore's residence). In resolving the dispute as to his deposition notice, the Court took into account (and expressly addressed) Mr. Moore's arguments under Rule 45 in particular.

The Court further denied Mr. Moore's request to quash the two Rule 45 subpoenas at issue, because Mr. Moore failed to meet his burden to show why he had standing to move to quash those subpoenas issued to third parties.

Mr. Moore now seeks reconsideration of the Court's September 16, 2025 Order, arguing that the Court's Order "overlooked or failed to address several material arguments previously raised." [Dkt. 94 at 2]. Mr. Moore expressly concedes that all of the issues that the Court purportedly "overlooked or failed to address" were raised in the prior briefing. *Id.* at 3.

2

Having reviewed Mr. Moore's submission, the Court concludes that he has not set forth adequate grounds for leave to file a motion for reconsideration. Mr. Moore has not demonstrated the emergence of new material facts or a change in law occurring in the one day since the time of the Court's September 16, 2025 Order, nor has he shown that there is a material difference in fact or law from that which was previously presented to the Court. *See* Civil L.R. 7-9(b)(1)-(2). Further, Mr. Moore has not offered any evidence of "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b)(3).

In urging the Court to reconsider its September 16, 2025 Order, Mr. Moore merely rehashes identical arguments that he previously raised in the Parties' letter briefing on the underlying discovery disputes. In the motion seeking leave, Mr. Moore lists five issues which he contends the Court either "overlooked" or "failed to address." Two of those issues relate to Mr. Moore's arguments under Rule 45, which the Court explicitly addressed in the September 16, 2025 Order. Two of the allegedly "overlooked" issues relate to arguments regarding confidential, financial, or business information, which again, the Court explicitly addressed in the September 16, 2025 Order. The final allegedly "overlooked" issue relates to the timing of Mr. Moore's deposition notice and the meet and confers relating to scheduling that deposition—and again, the Court expressly addressed that issue in the September 16, 2025 Order. The Court considered all of the allegedly "overlooked" arguments and found that they lacked merit. Mr. Moore's argument that the Court did not address these arguments is a myopic reading of the Court's September 16, 2025 Order. The fact that Mr. Moore now describes these issues in slightly different language (but not different in substance) from how they were briefed and resolved in the September 16, 2025 Order does not show that the Court failed to address the issues. There is no requirement that a court order recite each and every one of a party's arguments *in haec verba* or that a court act as a document clerk checking off each and every contention raised by a party as part of the analysis. *See Roy v. Cnty. of L.A.*, CV 12-09012-AB (FFMx), 2018 WL 3439168, at *4 (C.D. Cal. July 11, 2018) (denying motion for reconsideration, noting that "the Court need not explicitly discuss each and every argument in any order"). Here, as discussed above, the Court did in fact consider every

issue Mr. Moore now claims was "overlooked," and a fair reading of the September 16, 2025 Order demonstrates that the Court simply found Mr. Moore's arguments on those issues unpersuasive. To the extent the September 16, 2025 Order somehow did not recite verbatim the allegedly "overlooked" issues, the analysis and rulings in that Order constitute at least an implicit rejection of Mr. Moore's arguments. "The Court's refusal to discuss an argument constitutes an implicit rejection of those arguments." *Id.* (citing *Clemons v. Miss.*, 494 U.S. 738, 747 n.3 (1990) (observing that the court's refusal to address an argument constitutes an implicit rejection of those arguments)).

Accordingly, because Defendant Moore has failed to demonstrate either a material difference in fact or law from that which existed at the time of the Parties' underlying discovery dispute letter briefing, the emergence of new material facts or law since the Court's September 16, 2025 Order issued, or a manifest failure by the Court to consider material facts or law presented by the Parties in the underlying discovery dispute letter briefing, Mr. Moore's request for leave to file a motion for reconsideration of the September 16, 2025 Order is **DENIED**.

This **RESOLVES** Dkt. 94.

**IT IS SO ORDERED.**

Dated: September 17, 2025

_____
PETER H. KANG
United States Magistrate Judge